NOT FOR PUBLICATION

RECEIVED

MAR - 9 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RICHARD DEPAOLA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Civ. No. 18-822

**OPINION**

THOMPSON, U.S.D.J.

    This matter comes before the Court on the application filed by Plaintiff Richard DePaola ("Plaintiff") to proceed *in forma pauperis* without prepayment of fees, pursuant to 28 U.S.C. § 1915. (ECF No. 1-2.) Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for *in forma pauperis* status pursuant to 28 U.S.C. § 1915 and will direct that the Complaint be filed.

    In considering an application to proceed *in forma pauperis*, the Court generally conducts a two-step analysis. *See Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). To satisfy this initial inquiry, litigants who wish to proceed *in forma pauperis* must file an application to do so which includes an affidavit of indigence that states the individual's total income, all assets, and inability to pay filing fees. *See* 28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). In this case, it appears that Plaintiff has satisfied the first inquiry. Plaintiff claims that he has no income, he has been unemployed since 2013, his wife has been unemployed since 2015, they have joint expenses of roughly $2,699 per month, as of January 17, 2018 he had about $150 in his bank account and his wife had about $10,000 in her bank account

after cashing in her 401(k), and they are still recovering from Superstorm Sandy. The Court finds that Plaintiff is eligible to proceed *in forma pauperis*.

Second, the Court determines whether the Complaint should be dismissed. A Complaint may be subject to *sua sponte* dismissal if the Complaint is frivolous, fails to state a claim upon which relief may be granted, or it seeks money damages from defendants who are immune from such relief. *See Roman*, 904 F.2d at 194 n.1; 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citations omitted). Here, Plaintiff appeals a final decision of Defendant, the Commissioner of Social Security. The Court has reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and is not persuaded that *sua sponte* dismissal of the Complaint is warranted. For these reasons, the Court will permit Plaintiff's Complaint to be filed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order will follow.

Date: 2/9/18

ANNE E. THOMPSON, U.S.D.J.

2